UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHAB, et al.,<br><br>Defendants. | No. 2:16-cv-1644-JAM-CMK-P<br><br><br><br>**ORDER** |

      Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (Doc. 10).

      Plaintiff is requesting the court reconsider the order dismissing this case for lack of prosecution, stating he did not respond to the magistrate judge's findings and recommendation as he never received them.

      The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later

1

than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

Plaintiff does not specify on which grounds his motion is based.  However, regardless of which basis is used, plaintiff fails to set forth clear error, mistake, or any other grounds for his request.  Plaintiff indicates that he did not receive the magistrate judge's findings

---

[1]  Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2]  If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

and recommendations. However, the findings and recommendations were based on plaintiff's failure to resolve the fee status of this case, either by filing an application to proceed in forma pauperis or pay the filing fee. Plaintiff was ordered to do so on December 9, 2016, within 30 days. No application has ever been received by the court, nor has plaintiff paid the filing fees. Plaintiff has had more than adequate time in which to resolve the fee status in this case. Even if plaintiff did not receive the November 2, 2017, findings and recommendation, there is no indication he did not receive the order directing him to resolve the fee status. The court therefore finds no mistake, clear error, or any other basis for granting plaintiff's motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is denied. This case was properly dismissed, without prejudice, and plaintiff fails to meet the standard for granting a motion for reconsideration.

DATED: August 15, 2018

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE